IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGOT HENNER, | : | CIVIL ACTION |
| 2321 N. 3rd Street | : | |
| Philadelphia, PA 19106 | : | NO. 10-cv- |
| Individually And On Behalf Of | : | |
| All Others Similarly Situated, | : | |
| | : | |
| And | : | |
| | : | |
| WILLARD NUEL | : | |
| 1980 Street Road | : | |
| New Hope, PA 18938 | : | |
| Individually And On Behalf Of | : | |
| All Others Similarly Situated, | : | |
| | : | |
| Plaintiffs | : | CLASS ACTION |
| | : | |
| v. | : | 15 U.S.C. § 1692a, *ET SEQ.* |
| | : | |
| APOTHAKER & ASSOCIATES, P.C. | : | 73 P.S. § 2270.1, *ET SEQ.* |
| BENJAMIN J. CAVALLARO, | : | 73 P.S. § 201-1, *ET SEQ.* |
| ESQUIRE, AND | : | |
| DAVID APOTHAKER, ESQUIRE | : | |
| 520 Fellowship Road, C306 | : | |
| Mount Laurel, NJ 08054, | : | |
| | : | |
| And | : | |
| | : | |
| AMERICAN EXPRESS BANK, FSB | : | |
| 4315 South 2700 West | : | |
| Salt Lake City, UT 84148, | : | |
| | : | |
| And | : | |
| | : | |
| CAPITAL ONE BANK, (USA), N.A. | : | |
| 4851 Cox Road | : | |
| Glen Allen, VA 23059 | : | |
| Defendants | : | |

## CLASS ACTION COMPLAINT IN CIVIL ACTION

1

## I.    **INTRODUCTION**

1.      Plaintiffs bring this class action on behalf of themselves and a nationwide class of similarly situated individuals (the "Class"), as described below.

2.      Defendants have uniformly engaged in a scheme of illegal and deceptive business practices that violate federal and state law in attempting to collect credit card debt from persons, using false information and documentation, and without proper documentation sufficient to establish and substantiate the cause(s) of action attempted to be the bases for the respective collection actions.

3.      This scheme is carried out by Defendants by means of centrally controlled sets of policies and practices, and the like, and is conspiratorially implemented by and among other entities and persons (co-conspirators) with form documents, form notices, and form complaints, against alleged debtors, yet with knowingly false documentation and without information necessary to justify the cause(s) of action being asserted.

4.      The scheme is carried out knowingly using false and inapplicable documentation indiscriminately provided by Defendants attempting to foist upon the victims the imprimatur of substantiating documentary evidence.

5.      Defendants routinely and conspiratorially participate and engage in the initiation and perpetuation of attempts to collect debt from and against persons the documentation for which is knowingly false, non-existent, or otherwise not available to substantiate the cause(s) of action asserted in attempting to collect alleged debt obligations.

6.      Defendants, David Apothaker, Esquire ("Apothaker"), Apothaker & Associates, P.C. ("P.C."), and Benjamin J. Cavallaro, Esquire ("Cavallaro"), (all of

whom are cumulatively referred as the "Apothaker Defendants"), to justify the collection actions referred to them by credit issuers and/or holders of credit card, file suit without proper documentation, indiscriminately and knowingly attach incorrect, false, or otherwise irrelevant documentation as exhibits to complaints with the belief that the consumer will not further question or investigate the efficacy of the complaint and exhibits.

7.     Furthermore, all defendants institute litigation with the knowledge that there is no backup documentation to substantiate a contractual agreement setting forth the terms and conditions of credit card usage, nor are any signed documents available, such as applications.

8.     Furthermore, defendants institute litigation with the knowledge that the document retention policy of American Express Bank, FSB has resulted in the destruction of documentation relevant to the law suits being filed, a general policy amounting to intentional spoliation, and constituting a breach of the duty of retention of documentation.

9.     In the case of the individual Plaintiffs, the Apothaker Defendants, filed Complaints which, when amended, attached thereto "Cardmember Agreements" (the "Agreements") which clearly are not the applicable operative agreements, but are apparently forms of agreement that are "available", "convenient", to attach as exhibits. The agreements attached significantly post-date the dates that the credit cards were allegedly issued.

10.     In the case of the individual Plaintiff, Henner, the Apothaker Defendants, on behalf of the P.C. and American Express, Bank, FSB, have acknowledged that "a copy

of the credit card application for the Account is not accessible to Plaintiff [American Express Bank, FSB] at this time due to Plaintiff's application retention policy", meaning that the cause(s) of action, ostensibly based in contract, is/are not sustainable by themselves. *See* Footnote 1, below.

11.    Plaintiffs allege that this practice constitutes violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq* ("FDCPA"), and state statutes and common law.

12.    The "Apothaker Defendants" have their principal place of business in the State of New Jersey.

13.    Plaintiffs seek injunctive relief to prevent the continuation and recurrence of the challenged conduct, and to assure uniform standards by which Defendants will not seek collection from consumers knowingly using false documentation and knowingly without sufficient backup documentation to substantiate the claims asserted in the complaints.

14.    Plaintiffs also seek restitution for damages, including, but not limited to, costs incurred, collections made, attorney's fees and costs, statutory damages, punitive damages, and whatever other relief this Court may deem appropriate.

## II.    JURISDICTION AND VENUE

15.    Jurisdiction is upon this Court pursuant to 15 U.S.C. § 1692k(d) ("FDCPA").

16.    Venue is appropriate in this district as the violations underlying this action were made in this District; all defendants conduct business in this district.

## III.    THE PARTIES

17.     Plaintiff, Margot Henner ("Henner"), is a citizen and resident of the Commonwealth of Pennsylvania, and resides at the address set forth in the caption.

18.     Plaintiff, Willard Nuel ("Nuel") is a citizen and resident of the Commonwealth of Pennsylvania, and resides at the address set forth in the caption.

19.     Defendant, American Express Bank, FSB ("FSB"), is a federal savings bank with its principal office is located at 4315 South 2700 West, Salt Lake City, Utah 84184. FSB is a wholly-owned subsidiary of American Express Travel Related Services Company, Inc.

20.     Defendant, Capital One Bank, (USA), N.A. ("Capitol One"), is a federal bank headquartered in McLean, Virginia.  Its address is as set forth in the caption hereto.

21.     P.C., is a professional corporation with its principal place of business at the address set forth in the caption.

22.     Apothaker and Cavallaro are an attorneys licensed to practice law in the Commonwealth of Pennsylvania, and possibly elsewhere.  Their business address is as set forth in the caption.

23.     The Apothaker Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

24.     Capital One and FSB are creditors, and believed to be the issuers of the credit cards that are the bases of this case and the underlying actions.

## IV.   SUMMARY STATEMENT OF THE CASE

25.     This case arises from a scheme concocted and perpetuated by Defendants, as described in the following scenario:

When defendants engage in the initiation and perpetuation of credit card collection law suits, exhibits intended to reflect a contractual undertaking between the

parties are misrepresentations in that the exhibits are indiscriminately chosen and attached to the complaints regardless of their inapplicability to the actual defendant; that is, the exhibited Agreements are false representations of any Agreement entered into by the parties. Furthermore, law suits are initiated and perpetuated by defendants even though the retention policies and manifestation of those policies preclude the availability of signed applications, credit card purchase receipts and other evidences of purchases and credits. In other words, there is spoiliation.

26.    Basically, therefore, Defendants are, at all times relevant, aware that they have no contractual backup or evidence of alleged debtors' debt, yet they nonetheless prosecute these actions.

27.    In too many cases, the wronged consumers – those whom the United States Congress has referenced as "the least sophisticated consumers" - succumb to the perceived power and ostensible computer-accuracy of the creditors and debt collectors, and these improperly named litigant-defendants pay or permit judgments to be achieved against them. Otherwise, these wronged consumers are forced to seek counsel at a financial cost.

28.    These acts by defendants have violated and continue to violate federal and state law, including common law, and Plaintiffs and the members of the Class have suffered damages as a result.

## V.    CLASS ACTION ALLEGATIONS

29.    This case is properly maintainable as a nationwide Class action pursuant to and in accordance with Federal Rule of Civil Procedure ("F.R.C.P."), Rule 23(a), and 28 U.S.C. 1332(d), *inter alia*:

(1)    On belief, the Class is so numerous that joinder of all members is impractical. Although the size of the Class is not specifically known, the number of Class members is substantial, believed numbering at least in the thousands.

        (2)    There are substantial questions of law and fact common to the Class.

        (3)    The claims of the representative Plaintiffs are typical of the claims of the members of the Class.

        (4)    The representative Plaintiffs will fairly and adequately protect the interests of the Class under the criteria set forth in F.R.C.P. 23.

        (5)    A class action under the circumstances discussed herein provides the most fair and efficient method for adjudication of the controversy under the criteria set forth in F.R.C.P. 23.

30.    This case is properly maintainable as a Class action pursuant to and in accordance with F.R.C.P. 23(b)(3).

        a.    The issues of fact common to the members of the Class, as required by <u>Local Rule of Civil Procedure</u> ("Local Rule") for the Eastern District of Pennsylvania, 23.1(b)(2)(D).

        b.    The questions of law common to the members of the Class, as required by Local Rule 23.1(b)(2)D).

        c.    The questions of law and the questions of fact predominate for the Class over any questions of law and/or fact affecting only individual members of the Class.

        d.    A Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Class are overwhelmingly predominant.

e.      As the questions of law and of fact are common to the members of the Class, and considering the prospective individual damages at issue, the interests of the members of the Class will best be controlled and served by this action.

f.      There is no reason why the litigation should not proceed in this particular forum.

g.      There are no unusual difficulties foreseen to be encountered in the management of this Class action.

h.      Plaintiffs are not aware of any similar actions involving similar issues with the same Defendants having been filed in the United States District Court for the Eastern District of Pennsylvania, or in any Court.

i.      The claims by Plaintiffs, themselves, and for and on behalf of the members of the Class, are justified as a Class action for the reason that, although the size of the Class is not specifically known, the number of Class members is substantial, believed numbering at least in the thousands on a nationwide basis.

31.     A Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Class is overwhelmingly predominant.

32.     As the questions of law and of fact are common to the members of the Class, and considering the prospective individual damages at issue, the interests of the members of the Class will best be controlled and served by this action.

33.     The claims by Plaintiffs, for themselves and for and on behalf of the members of the Class, are justified as a Class action for the reason that the causes of

action for the Plaintiffs are the same causes of action for all of the members of the Class derived from the following issues:

a. Whether Defendants, in initiating and perpetuating collection law suits, have wrongfully and/or knowingly done so regardless if there are no corroborating documents or evidence available to substantiate the claims asserted;

b. Whether Defendant, FSB, knowingly has a retention policy that results in destruction of documents reasonably foreseen to be necessary in litigation to collect credit card, such as the signed applications for the issuance of a credit card;

c. Whether Defendants have a uniform policy of attaching and misrepresenting the attached Agreement as the applicable and governing contract between the parties, which agreements bear no relationship to the respective members of the Class

d. Whether these acts and actions are violative of the FDCPA;

e Whether these acts and actions described above are violative of the consumer protection statutes of the Commonwealth of Pennsylvania;

f. Whether Plaintiffs and the members of the Class incurred damages as a result of these violations and are Defendants liable therefor?

g. Whether Plaintiffs and the members of the Class are entitled to injunctive relief, restitution, interest thereon, attorney's fees, punitive damages, statutory damages and other damages as a result of the improper attempts to collect credit card debt from non-liable persons?

## VI.   THE CLASS

34. The above-named Plaintiffs bring this action on behalf of themselves and:

a.   Sub-Class I:

All persons who have been the subject of collection law suits brought by Defendants for which the Defendants attach as corroborative exhibits written agreements represented by defendants as the written agreements governing the parties and serving as the written basis for the liability asserted against the alleged debtors/consumers, which attached exhibits are clearly and knowingly inapplicable, and do not represent any contractual relationship between the parties, and, furthermore, which agreements constitute intentional misrepresentation to the respective Courts and to the defendants named in the litigation.

b.   Sub-Class II:

All persons who have been the subject of collection law suits brought by Defendants for which Defendants, Capital One and FSB, prior to the filing of the said law suits, have destroyed documents crucial to the defense of the law suits, including, but not limited to, the signed applications therefor.

## VII.   **PLAINTIFFS' FACTUAL STATEMENT**

### A.   **Margot Henner**

35.   In the individual case of the Plaintiff, Margot Henner:

a.   On July 29, 2010, the Apothaker Defendants, on behalf of FSB, filed a collection law suit in the City and County of Philadelphia, Pennsylvania, docketed in the Court of Common Pleas as *American Express Bank, FSB v. Henner*, July Term 2010, No. 03267 (100703267). *See* Exhibit "1', a true and correct copy of the docket entries.

b.   A true and correct copy of the Complaint is attached hereto as Exhibit "2".

c.   The Complaint attached as its only Exhibit, an alleged "Statement of Account". *See* Exhibit "A" to Exhibit "2".

        d.      Through her attorney, Margot Henner filed preliminary objections citing flaws in the Complaint, basically citing the lack of any documentation tying Margot Henner to a debt, and the verification by David J. Apothaker, Esquire, attorney for American Express Bank, FSB, both in violation of the Pennsylvania Rules of Civil Procedure. *See* Exhibit "3", a true and correct copy of the preliminary objections.

      36.      In response, defendants filed an Amended Complaint, a true and correct copy of which is attached hereto as Exhibit "4".

      37.      The Amended Complaint sets forth the following, as relevant to this captioned cause of action:

        a.      Paragraph 3 references an application for a credit card account.

        b.      Paragraph 5 states, however, that there is no original or copy of the application because of FSB's "retention policy".

        c.      Paragraph 4 references that there is a Cardmember Agreement ostensibly governing the contractual relationship with the alleged parties to the Agreement. *See* the Exhibit to the Amended Complaint, the caption of which is "Agreement Between Delta SkyMiles* Credit Cardmember and American Express Bank, FSB."

          (i)      This Agreement is NOT signed by Margot Henner;

          (ii)      This Agreement appears to have been published in July of 2009. *See* the upper right hand corner of page 1 of the alleged Agreement;

          (iii)      *See* page 12 of the Agreement, at the bottom, which states © 2009 American Express;

d.      Paragraph 11 of the Amended Complaint states that the account was charged off on November 6, 2008, with the last payment having been received PRIOR to the charge-off, on November 18, 2008.  In any event, the Cardmember Agreement is dated AFTER the charge-off.

38.     Clearly, the attached agreement is false and is not applicable to the account of Margot Henner.

39.     Furthermore, the Amended Complaint states, at paragraph 5: "A copy of the credit card application for the Account is not accessible to Plaintiff at this time due to Plaintiff's application retention policy.

40.     Thus, even though charged off two years preceding the law suit, FSB nonetheless maintains an application retention policy that apparently includes destruction of crucial documentation to accounts that have been charged off, and, accordingly, are likely to be the subject of litigation.

41.     This constitutes spoiliation.

42.     At all times relevant, it is asserted that defendants each and all are and have been aware of this spoiliation policy.

43.     These wrongful collection activities are intended by the Defendant to secure collection from those whom the United States Congress has defined as the "least sophisticated consumer".

44.     These wrongful collection activities include, but are not limited to:

a.      Attaching as exhibits to complaint documentation knowingly not pertinent or relevant, constituting misrepresentation, at least; and

12

    b.  Filing law suits knowing that the retention policy of FSB precludes the availability crucial documentation vital to the consumers'/debtors defense of the litigation.

    45.  Plaintiff was caused to utilize the services of the undersigned attorney to exculpate Plaintiff from these wrongful collection efforts and paid a fee of $1,500.00, which was a reasonable and necessary expenditure.

    **B.**  **Willard Nuel**

    46.  In the individual case of the Plaintiff, Willard Nuel:

    a.  On August 18, the Apothaker Defendants, on behalf of Capital One, filed a collection law suit in the County of Bucks, Pennsylvania, docketed in the Court of Common Pleas as *Capital One Bank (USA), N.A. v. Willard Nuel*, No. 2010-08453, *See* Exhibit "5', a true and correct copy of the docket entries.

    b.  Through his attorney, Willard Nuel filed preliminary objections citing flaws in the Complaint, basically citing the lack of any documentation tying Willard Nuel to a debt, and the verification by David J. Apothaker, Esquire, attorney for Capital One, both in violation of the Pennsylvania Rules of Civil Procedure. *See* Exhibit "6", a true and correct copy of the preliminary objections.

    47.  In response, defendants filed an Amended Complaint, a true and correct copy of which is attached hereto as Exhibit "7".

    48.  The Amended Complaint sets forth the following, as relevant to this captioned cause of action:

    a.  Paragraph 3 asserts that Willard Nuel received a credit card pursuant to the written agreement "in effect at all times relevant".

    b.  Paragraph 4 states that the governing agreement – the Cardmember Agreement - is attached to the Amended Complaint as an Exhibit to the Amended Complaint. *See* Exhibit "7".

    c.  Paragraph 5 again references the contract attached to the Amended Complaint. *See also* paragraphs 7 and 8 of the Amended Complaint, as well.

      (i)  This Agreement is NOT signed by Willard Nuel;

      (ii)  This Agreement appears to have been published in the year 2005. *See* page 3 of the purported agreement, at the bottom where it states: "© Capital One Services, Inc.  Capital One is a federally registered service mark.  All rights reserved."

      (iii)  *See* the last page of the Agreement, at the bottom, which states "© Capital One Services, Inc.  Capital One is a federally registered service mark. All rights reserved."

    d.  Paragraph 9 of the Amended Complaint states that the account was opened on August 17, 1999.

  49.  Therefore, the purported and binding and governing Agreement as attached by the Apothaker Defendants for and on behalf of Capital One is dated an incredible ten (10) years after the account was ostensibly opened.

  50.  Clearly, the attached agreement is false and is not applicable to the account of Willard Nuel.

  51.  These wrongful collection activities are intended by the Defendant to secure collection from those whom the United States Congress has defined as the "least sophisticated consumer".

52.    These wrongful collection activities include, but are not limited to:

a.    Attaching as exhibits to complaints documentation knowingly not pertinent or relevant, constituting misrepresentation and further constituting unsworn falsifications to authorities, at least; and

b.    Filing law suits knowing that the retention policy of FSB precludes the availability crucial documentation vital to the consumers'/debtors defense of the litigation.

53.    Plaintiffs have been caused to utilize the services of the undersigned attorney to exculpate Plaintiff from these wrongful collection efforts and incurred attorney's fees of $1,500.00 per person, which were reasonable and necessary expenditures to defend these cases.

## VIII.   COMMON CLASS ELEMENTS

54.    Plaintiffs and each member of the Class are the subject of collection efforts to collect debts for which there is no corroborative evidence in the form of a valid Cardmember Agreement and or a signed application, and possibly other relevant documentation.

55.    The law suits against Plaintiffs and the members of the Class with their knowingly wrong attachments and the knowing lack of corroborative evidence such as the signed applications because of the known retention policy of FSB constitute violations of the FDCPA.

56.    All of these similar law suits are and have been in violation of various state consumer protection statutes.

57.     As to the individual Plaintiffs, the attempts to collect and/or the collection of these wrongful charges are in violation of the provisions of 73 P.S. § 2270.4(b) including, but not limited to sub-section (6) thereof:

> "A creditor may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph: (i) The collection of any amount, including interest, fee, charge or expense incidental to the principal obligation, **unless such amount is expressly authorized by the agreement creating the debt or permitted by law."** (Emphasis Supplied.)

58.     These issues of fact, therefore, for all members of the Class are the same as set forth above, with minor, not substantial, variation.

59.     The questions of law governing the rights of each member of the respective Class are the same as they relate to Plaintiffs, and involve the all-pervasive issue as to the legality in law of an attempt to collect credit card debt utilizing wrong documentation therefor, correlated with the knowledge that critical documentation that may benefit the consumers is the subject of FSB's spoiliation policies.

60.     Defendants engage in a uniform scheme and course of conduct to inflate their respective profits by routinely attempting to collect and collecting credit card debt by filing law suits utilizing and misrepresenting wrong documentation and knowingly without documentation which, as evidence, may have benefitted the consumer/debtors

## IX.   CAUSES OF ACTION

### COUNT I – VIOLATION OF 15 U.S.C. § 1692a, *ET SEQ.*
### CLASS ACTION
### PLAINTIFFS, *ET AL.* V. APOTHAKER DEFENDANTS

61.     The averments of paragraphs one through and including sixty above are incorporated herein by reference.

16

62.    The Apothaker Defendants are a "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

63.    Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692a(3).

64.    15 U.S.C. § 1692e provides: "A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." In fact, the Apothaker Defendants, utilizing the false Cardmember Agreements have violated:

   a. 15 U.S.C. § 1692e(2)(A): The character, amount and legal status of the debt for which the attached agreement is a false representation of the basis for the debt;

   b. 15 U.S.C. § 1692e(2)(B): The false representation that the attached Cardmember Agreements representing the basis for the amounts claimed to be due and which may be lawfully received is a violation of the FDCPA. There are false representations as Defendants knowingly have no such right contractual rights against Plaintiffs pursuant to the false Cardmember Agreements;

   c. 15 U.S.C. § 1692e(10): False and deceptive means to collect or to attempt to collect these debts to the extent that the cited basis for the debt is false.

65.    15 U.S.C. § 1692f, provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The following conduct by Defendants evidences the violation by them of the FDCPA:

   a. Defendants used and continues to use unfair and unconscionable means to collect or attempt to collect debts based on law suits with false documentation

attached and which is being utilized to fool the consumers into believing that the false attachments are sound bases for the law suits.

     b.  15 U.S.C. § 1692f(1):  The collection of any amount … unless such amount is expressly authorized by the agreement creating the debt or permitted by law".  The debts attempted to be collected and/or have been collected are not authorized or permitted by the attached false document contract.

  66.  15 U.S.C. § 1692k specifically authorizes a private action to recover damages sustained because of these violations.

  67.  15 U.S.C. § 1692k permits class actions.

  68.  The acts and actions that are in violation of the FDCPA occurred within one year of the filing of this Complaint.

  69.  The acts and actions by the "Debt Collector" Apothaker Defendants were clearly knowing and intentional.

  70.  The specific acts and action by Defendants constituting the bases for this Complaint are set forth above, and are incorporated herein by reference.  *See* paragraphs 35 through and including 53, *inter alia*, above, correlated with the attached exhibits, for the detail of these acts and actions, including, the time, date, place author and the specificity of the false communications, misrepresentations and violations of the FDCPA of which Plaintiff complains.

  71.  It is believed and therefore averred that the Defendants facilitated these wrongful actions for the purpose of enhancing their collections, regardless of the falsity of the attached Cardmember Agreements and the fact that the retention policy of FSB

precludes the availability of establishing specific evidence in favor of Plaintiff, Henner, by the fact that FSB spoiliates the evidence.

72. A simple reasonable review of the basic documentation as to each account which is the subject of such law suits would have divulged to Defendants that the attached Cardmember Agreements were not applicable.

73. A reasonable investigation would have revealed to the Apothaker Defendants that the Cardmember Agreements were false representations that did not cover or concern themselves with the Plaintiffs or their alleged debt.

74. A reasonable investigation would have revealed that FSB had not retained documentation relevant and crucial to a collection law suit, including, but not limited to, any application signed by the alleged Debtor.[1]

74. Plaintiffs suffered damages in the form of the respective costs to secure legal representation to respond to the complaint.

75. It is believed and therefore averred that Plaintiffs and the members of the Class are entitled to recover damages as a result of the violations of the FDCPA by defendants in the form of compensatory damages, including, but not limited to, restitution to members of the Class who paid Defendant, statutory damages, attorney's fees and costs and interest.

WHEREFORE, Plaintiffs pray this Honorable Court grant appropriate damages, including, but not limited to

---

[1] The undersigned has been extensively involved in credit card collection litigation, and it is most obvious that the credit card issuers and/or their successors in interest retain copies of monthly statements which, in each case, may involve dozens upon dozens of pages of exhibits. However, the credit card issuers and their respective successors in interest fail to keep that one page document comprising the signed application therefor, or the like.

A.    Certifying the Class described, and appointing Plaintiffs as representatives of the Class, and the undersigned as Class counsel;

B.    Requiring that the "Debt Collectors" Defendants pay compensatory damages, restitution, statutory damages, attorney's fees and experts' fees, and punitive damages as appropriate; and

C.    Enjoining the Defendants from conducting such violative activity in the future, and

D.    Granting such other relief as the Court may deem appropriate.

## COUNT II - UNFAIR AND DECEPTIVE TRADE PRACTICES
## PLAINTIFF V. FSB AND APOTHAKER DEFENDANTS

76.    The averments of paragraphs one through and including seventy-five above are incorporated herein by reference as if set forth herein at length.

77.    The Apothaker Defendants are citizens of either New Jersey or Pennsylvania with their principal place of business as set forth in the caption.

78.    Defendants have advertised, offered for sale or distribution its respective products and services.

79.    Defendants have engaged in unfair and/or deceptive acts and trade practices, unfair methods of competition, and have practiced other unfair or deceptive acts or practices directly or indirectly adversely affecting the members of the Class, as described above. *See* paragraphs 35 through and including 53, above and the attached exhibits, incorporated herein by reference as if set forth herein at length. The acts and practices include, but are not limited to:

a.    Knowingly making false and misleading representations of fact, in writing;

b.      Knowingly misrepresenting that the attached Cardmember Agreements govern the basis of the law suits and the legal relationship between the parties;

c.      Utilizing false and misleading characterizations for the amount claims to be due, intending to mislead the consumer;

d.      Taking any action that cannot legally be taken or justified;

e      Otherwise engaging in other fraudulent conduct "which creates a likelihood of confusion or of misunderstanding";

f.      Engaging in any other conduct deemed to constitute unfair trade practices, unfair methods of competition, or other unfair or deceptive acts or practices.

80.      The facts constituting the basis for these unfair trade practices are as set forth above, and specifically in paragraphs 35 through and including 53, and the attached exhibits. Defendants have engaged in other activity further exacerbating its participation in unfair trade practices.

81.      These unfair trade practices in which Defendants have participated are all intertwined with the factors constituting misrepresentation:

a.      By acts, Defendants have made representations of a material nature that Defendants knew (or should have known) were misrepresentations. These misrepresentations were made to Plaintiffs and the members of the Class.

b.      These misrepresentations were made with the intent to cause Plaintiffs, *et al.*, to reasonably rely to their detriment, which occurred, causing Plaintiffs to suffer damage, including, but not limited to, paying sums of money for legal representation, and/or paying sums of money to pay for the debt Defendants claim Plaintiffs owes misrepresenting the legal basis therefor;

21

      c.     Filing law suits with the knowledge that corroborative evidence that may benefit Plaintiff has been destroyed because of the "retention" policy of FSB.

      d.     These misrepresentations were made with the intent to cause Plaintiffs, *et al.*, to reasonably rely to their detriment, which occurred, causing Plaintiffs to suffer damage, including, but not limited to, attorney fees to contest the complaints.

      e.     Because of Defendants' misrepresentations and Plaintiffs' reasonable reliance thereon, Plaintiffs suffered damages, including the necessary legal representation.

      f.     The representations made by Defendants were false, constituting misrepresentations.

      g.     These misrepresentations were manifested by mischaracterizations in writings.

      h.     Plaintiffs reasonably relied upon these misrepresentations to their detriment.

      i.     As a result of this reliance, Plaintiffs have suffered additional damage, including the payment of attorney's fees.

82.     It is believed and therefore averred that the misrepresentations were intentional, or at least so recklessly made as to constitute intentional fraudulent statements.

83.     Defendants have, therefore, engaged in unfair trade practices to consumers. As such, Defendants are in violation of or has violated Pennsylvania Statutes 73 P.S. § 201-1, *et seq.*, and 73 P.S. § 2270.4(b)(5) ( and 73 P.S. § 2270.5, and the consumer statutes of other states.

84.     Defendants have, therefore, engaged in misrepresentation and fraudulent misrepresentation, causing Plaintiffs to suffer damages as provided by statute.

WHEREFORE, Plaintiffs pray this Honorable Court grant appropriate damages, including, but not limited to compensatory damages, statutory damages, treble damages, punitive damages, attorney's fees and costs, interest and such other relief as the Court may deem appropriate.

Respectfully submitted:

Stuart A. Eisenberg
Attorney I.D. 12433
Carol B. McCullough
Attorney I.D. 56424
MCCULLOUGH EISENBERG, LLC
Suite 201
530 West Street Road
Warminster, PA 18974
1-215-957-6411
Attorney for Plaintiff